# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**JOSEPH MIKER,**
**Grievant Below, Petitioner**

**FILED**
**November 14, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**vs.) No. 22-ICA-311**          (Grievance Bd. No. 2022-0581-MonED)

**MONONGALIA COUNTY BOARD OF EDUCATION,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Joseph Miker appeals a November 1, 2022, decision of the West Virginia Public Employees Grievance Board ("Grievance Board"), denying his grievance alleging discrimination, favoritism, and failure to apply uniformity of pay. Respondent Monongalia County Board of Education ("BOE") filed its response.[1] Mr. Miker filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' written and oral arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Grievance Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

This case concerns the BOE's 2021 denial of experience credits to Mr. Miker's compensation package for prior work performed in the private sector. Mr. Miker is currently an HVAC Career and Technical Education teacher at the Monongalia Technical Education Center in Morgantown, West Virginia. Prior to his employment with the BOE, Mr. Miker worked for twenty-eight (28) years for a company that sells refrigeration, air conditioning, and heating equipment to heating, ventilation, and air conditioning ("HVAC") contractors. There, Mr. Miker started as a warehouse employee, was promoted to a merchandise counter employee, to assistant manager, and finally to branch manager of the Morgantown office. The record indicates that Mr. Miker held a management position with the company from 1986 through 2012.

Mr. Miker described his private sector experience during an August 18, 2022, hearing before an administrative law judge (the "Hearing"). Mr. Miker testified that HVAC products constantly change, and his duties in the private sector required him to possess a complete understanding of the products for sale at the company. He gave product

---

[1] Mr. Miker is represented by Ramsey K. Jorgensen, Esq., and William C. Brewer, Esq. The Board of Education is represented by Jacob A. Manning, Esq., Jason S. Long, Esq., and Mary Catherine Tuckwiller, Esq.

1

enhancement suggestions to manufacturers, explained HVAC products to contractors, and accumulated product training and technician certifications. According to Mr. Miker's testimony, "years ago" he performed some HVAC installation and repair; however, Mr. Miker did not have any documentation of the HVAC service work he performed.

In 2012, Mr. Miker applied for an HVAC teaching position at the BOE. As part of the application process, Mr. Miker completed a "Form V-10 – Verification of Work Experience." Mr. Miker wrote on the form that while working in the private sector, he managed personnel, ran day to day operations, and was a technical advisor for HVAC equipment. The V-10 form indicates the County Superintendent at the time was Frank Devono and includes a handwritten phrase at the bottom of the form, which states, "28 yrs. verified." Mr. Miker was hired that same year as an HVAC Career and Technical Education teacher.

Upon hire, technical education teachers can obtain (or receive or are eligible for) increased pay if they have certain prior experience that makes them eligible for (or qualifies them for) "experience credits." At the time Mr. Miker was hired and to this day, the BOE does not have a written policy for assigning experience credits. Robert DeSantis, Associate Superintendent for the BOE, testified at the Hearing that experience credits are assigned on a case-by-case basis.[2] It is undisputed that when Mr. Miker was hired at the BOE, he was granted a credit for twenty-eight (28) years of work experience credit for his private sector work with the HVAC equipment distributor.[3]

Mr. Miker testified that six months into his teaching tenure, he was called to the BOE's office and informed that an error was made with respect to assigning his experience credits. According to Mr. Miker, he was told that experience credits are only assigned if the teacher has a bachelor's degree, and that he was ineligible for the credits because he had not gone to college. When Mr. Miker was informed of the mistake, he had already accumulated an additional $10,000 in pay from the experience credits. Mr. Miker was given three alternatives: either repay the additional money in a lump sum, repay it in installments, or resign. Mr. Miker testified that his previous job at the private HVAC equipment distributor was no longer available and that he wanted to remain as a teacher. Therefore, he chose to repay the overpayment in installments.

Mr. Miker continued to teach HVAC courses at a reduced salary, and simultaneously began to pursue a college education. Mr. Miker's academic transcript indicates that he took college courses in 2013 and 2014, and from 2017 through graduation in 2021, when he received a Regents Bachelor of Arts degree from West Virginia

---

[2] Mr. DeSantis testified that he currently reviews experience credit applications for the Board of Education.

[3] The record is silent with respect to who authorized Mr. Miker's experience credits in 2012.

University. According to the record, when Mr. Miker obtained a college degree, he automatically qualified for a pay increase of five-thousand dollars a year. Mr. Miker testified that he also requested the twenty-eight years of experience pay that he was initially granted in 2012.

Mr. Miker's request for experience pay was denied by the BOE. This time, Mr. Miker was told that experience pay was only granted to those who performed HVAC technician fieldwork, and that his manager and technical service advisor tenure at the private HVAC equipment distributor did not qualify for experience pay. At the Hearing, Mr. DeSantis explained that he looks to "past practice and how they directly relate to what [applicants] were doing. Meaning, if I am teaching welding, I had to be a welder. In this case, we were reviewing this as, is Mr. Miker the person out there in the field installing? We don't look at it as a manager . . . ."

Mr. Miker filed a grievance with the BOE after it denied his request for experience pay. He alleged discrimination, favoritism, and "uniformity of pay and responsibilities for like assignments."[4] The grievance form states that Mr. Miker was "advised that he needed to have a bachelor's degree to claim experience pay. Grievant got [a] degree but pay was declined. Others are getting the [experience] pay." Mr. Miker requested experience pay, back pay and related benefits.

A level one grievance conference was held on March 7, 2022, and a decision was issued on March 16, 2022. The adjudicator determined Mr. Miker performed some advisory and instructional duties while working in the private sector, and, therefore, he awarded a portion of the credits Mr. Miker requested. The adjudicator wrote that, "after discussing the grievance with all involved, it is this evaluator's opinion that Mr. Miker be awarded 10 years of experience for pay purposes beginning with his latest [career and technical education certificate] endorsement of December 17, 2021."

An appeal followed, and the Hearing was held before an administrative law judge. During the Hearing, Mr. Miker testified about his work history in the private sector and its similarities to his teaching position. According to Mr. Miker, his work at the HVAC equipment distributor was "almost a mirror comparison to classroom management. You have guys that will test you, and you have students that will test you, and you have to learn how . . . to steer that student in the right direction. And the same way with employees . . . ." Mr. Miker testified that both positions required him to identify greater and less skilled individuals, and each occupation had similar safety concerns. Mr. Miker also submitted an HVAC course syllabus on which he identified course subjects that were common to his work at his previous employer.[5]

---

[4] Mr. Miker did not allege promissory estoppel in his grievance.

[5] The course syllabus contains numerous subjects Mr. Miker identified as applicable to both sales and teaching.

3

During the Hearing, Mr. DeSantis testified that the BOE does not have a written policy regarding experience pay and that he takes a case-by-case approach with respect to experience pay. He denied Mr. Miker's request for experience pay because Mr. Miker did not work as a field technician while in the private sector. He also gave examples of individuals who did not qualify for experience pay. Mr. DeSantis acknowledged that the only reason Mr. Miker was denied experience pay in 2012 was his lack of a college degree; and when asked if it was a mistake in 2012 to accept his work at the HVAC equipment distributor as comparable work to teaching, Mr. DeSantis stated that prior administrations were "very lenient and didn't necessarily follow consistent practices." According to Mr. DeSantis, no other instructor is receiving experience credits for management sales positions.

On November 1, 2022, the Grievance Board issued an order, finding that Mr. Miker provided no evidence of discrimination or favoritism. According to the Grievance Board order, Mr. Miker did not identify similarly situated employees who were receiving experience pay. The Grievance Board also determined that the BOE had:

> followed its own practice of denying experience credit where the [career and technical education] teacher was not conducting day-to-day operations in maintenance and installation in the area they teach. While [Mr. Miker] disagrees with [the BOE], he has not proven that [the BOE] reached a decision that was so implausible that it cannot be ascribed to a different opinion.

Mr. Miker's grievance was denied. It is from the November 1, 2022, Grievance Board order that Mr. Miker now appeals to this Court.

Our standard of review for a contested case from the West Virginia Public Employees Grievance Board is as follows:

> A party may appeal the decision of the administrative law judge on the grounds that the decision:
> (1) Is contrary to law or a lawfully adopted rule or written policy of the employer;
> (2) Exceeds the administrative law judge's authority;
> (3) Is the result of fraud or deceit;
> (4) Is clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (5) Is arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

W. Va. Code § 6C-2-5 (2007); *accord* W. Va. Code § 29A-5-4(g) (2021) (specifying the standard for appellate review of an administrative appeal).

Likewise, "[t]he 'clearly wrong' and the 'arbitrary and capricious' standards of review are deferential ones which presume the agency's actions are valid as long as the

decision is supported by substantial evidence or by a rational basis." Syl. Pt. 3, *In re Queen*, 196 W. Va. 442, 473 S.E.2d 483 (1996); *see also*, Syl. Pt. 1, *In Re Tiffany Marie S.*, 196 W. Va. 223, 470 S.E.2d 177 (1996) (on appeal, a court may not overturn a finding simply because it would have decided case differently); Syl. Pt. 1, *Francis O. Day Co. v. Dir. Div. of Env't Prot.*, 191 W. Va. 134, 443 S.E.2d 602 (1994) (evidentiary findings should not be reversed unless clearly wrong). With these principles in in mind, we now turn to this instant appeal.

Mr. Miker argues two assignments of error: 1) "The Administrative Law Judge erred in finding that Mr. Miker's years of experience pay was awarded in error, and he is not entitled to the same as it was an error regarding his education, not his experience, for which the years of experience pay were taken"; and 2) "The Administrative Law Judge erred when [he] incorrectly determined that Mr. Miker's private sector pay did not meet the statutory definition of experience to provide him the years of experience pay."

West Virginia Code § 6C-2-2(d) (2008) (amended 2023) defines "discrimination" as "any differences in the treatment of similarly situated employees unless the differences are related to the actual job responsibilities of the employees or are agreed to in writing by the employees." West Virginia Code § 6C-2-2(h) defines "favoritism" as "unfair treatment of an employee as demonstrated by preferential, exceptional, or advantageous treatment of a similarly situated employee unless the treatment is related to actual job responsibilities of the employee or is agreed to in writing by the employee."

A common element when making a claim of discrimination or favoritism, is the requirement to identify similarly situated employees who are either treated differently or preferentially. In this case, Mr. Miker did not introduce evidence establishing he was treated differently than other employees, or that other employees were treated preferentially. In fact, the only evidence submitted regarding Mr. Miker's co-employees was from Mr. DeSantis, who testified that two other employees did not qualify for experience credits. Therefore, the Administrative Law Judge was not clearly wrong when he determined that Mr. Miker did not provide evidence to support his claims alleging discrimination and favoritism.

We next turn to the BOE's interpretation of "years of experience" and whether Mr. Miker's job duties at the private HVAC equipment distributor entitle him to experience credits. Mr. Miker argues generally that the BOE misinterpreted West Virginia Code § 18A-4-1(1) (1992), which defines "years of experience" as "the number of years the teacher has been employed in the teaching profession, including active work in educational positions other than the public schools . . . ." According to Mr. Miker, his job responsibilities in the private sector were substantially similar to his current work as a teacher, and that the BOE did not make a mistake in 2012 when it found his work in the private sector was comparable to the HVAC teaching position. Mr. Miker argues that the only mistake the BOE made in 2012 was awarding experience credits without a college degree, and now that he has a college degree, the BOE should reinstate his experience credits.

5

Mr. DeSantis testified that the BOE currently interprets West Virginia Code §18A-4-1(1) as requiring actual fieldwork to receive experience credits. According to Mr. DeSantis, for Mr. Miker to receive HVAC experience credits, he must have been an HVAC technician, and not a sales representative for an HVAC equipment distributor.

Mr. Miker failed to establish that he worked as an HVAC technician prior to his tenure at the BOE. His private sector work was that of a sales manager. Mr. Miker emphasizes some similarities in job responsibilities between the BOE and his private sector work at the HVAC equipment distributor. However, during his private employment, Mr. Miker was not working in the teaching profession or an educational position and could not establish entitlement to experience credits provided in West Virginia Code § 18A-4-1(1). Therefore, we conclude the Grievance Board was not clearly wrong in finding that Mr. Miker's prior employment in HVAC management and sales did not qualify him for additional years of teaching experience.

Accordingly, we affirm the Grievance Board decision dated November 1, 2022.

Affirmed.

**ISSUED:** November 14, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen

6